IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| v. | : | NO. 03-692-02 |
| JAMES LYNCH | : | |

**MEMORANDUM**

YOHN, J.                                                                                                          February 14, 2012

Presently before the Court is the *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed by defendant James Lynch (Doc. No. 109) and the response of the government thereto. For the reasons set forth below, Lynch's motion will be denied.

**I.    History**

On October 17, 2004, Lynch pled guilty to the following three counts pursuant to a plea agreement with the government: one count of conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846 (Count 1); one count of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (Count 6); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 8). After his adjusted offense level was calculated, Lynch's guideline sentencing range was 70 to 87 months, plus a 60 month consecutive sentence for Count 8. His mandatory minimum sentence for Counts 1 and 6 was 60 months for each.

At the July 15, 2005, sentencing hearing, the Court adopted the guideline calculation in the pre-sentence report, but departed from this range and imposed the mandatory minimum sentence of 60 months on Counts 1 and 6 concurrently with a consecutive 60 month

sentence on Count 8 for a total sentence of 120 months.

On May 25, 2011, Lynch filed the present motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence in light of part A of Amendment 750 to the Sentencing Guidelines ("Guidelines") which lowers the Guideline sentencing range for crack offenses in order to conform with the Fair Sentencing Act of 2010 ("FSA").

**II.    Discussion**

18 U.S.C. § 3582(c)(2) allows a defendant to file a motion to reduce his or her term of imprisonment if the Sentencing Commission subsequently lowers the sentencing range upon which the defendant's sentence was based. In this case, the amendment to the Guidelines at issue is part A of Amendment 750, which lowered the levels in Section 2D1.1 applicable to crack cocaine offenses. The Sentencing Commission added this amendment to Section 1B1.10(c) of the Guidelines, thus, making the amendment retroactive.

The Sentencing Commission drafted Amendment 750 and lowered the crack offense levels in the Guidelines pursuant to the FSA, which changed the threshold quantities of crack triggering a mandatory minimum sentence under 21 U.S.C. § 841(b). However, the FSA is not retroactive and does not apply to defendants who committed their offenses and were sentenced prior to August 3, 2010. U.S. v. Reevy, 631 F.3d 110, 114-15 (3d Cir. 2010). Therefore, the FSA does not apply to Lynch who was sentenced on July 15, 2005, and may not be used to lower his mandatory minimum sentence.

Theoretically, part A of Amendment 750 would apply to Lynch since it is retroactive. However, I sentenced Lynch to the statutorily mandated minimum of 60 months, rather than 70 to 87 months recommended in the Guidelines. The Sentencing Commission has

no authority to alter a statutory mandatory penalty such as the one entered in this case.[1] See Id. (recognizing that a court may not reduce a defendant's sentence under 18 U.S.C. §3582(c)(2) based on an otherwise applicable amendment to the Guidelines if it would conflict with, *inter alia*, a statutory mandatory minimum sentence) (citing Application Note 1(a) of §1B1.10). As a result, neither Amendment 750 to the Guidelines, nor the FSA can have any effect upon Lynch's mandatory minimum sentence from 2005. Thus, Lynch's motion must be denied.

Lynch also requests the appointment of counsel. How a court decides to consider a Section 3582(c)(2) motion is a matter of the court's discretion. U.S. v. Styer, 573 F.3d 151, 153 -154 (3d Cir. 2009) (citing U.S. v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999)). This discretion includes whether to grant a request for appointment of counsel. Tidwell, 178 F.3d at 949 (citing U.S. v. Townsend, 98 F.3d 510 (9th Cir. 1996), and U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995)). In light of the legal futility of Lynch's claim, I must deny his request for counsel.

### III. Conclusion

Because part A of Amendment 750 to the Guidelines (which could lower some sentences for crack cocaine offenses) is inapplicable to Lynch's statutorily mandated minimum sentence, and because the FSA (which lowered mandatory minimum sentences for crack offenses) is not retroactive and, thus, also cannot lower Lynch's sentence, his motion must be denied. Given this conclusion, there is no need to appoint counsel to Lynch.

An appropriate Order follows.

---

[1] In declaring Amendment 750 retroactive by adding it to Section 1B1.10(c), the Sentencing Commission recognized this fact when it provided that "[i]t is important to note that the inclusion of Amendment 750 (Parts A and C) in §1B1.10(c) only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive." Amended Commentary to §1B1.10, effective November 1, 2011.